UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| TERRY A. TROXELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-31-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| McCREARY COUNTY DETENTION | ) | |
| CENTER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Terry Troxell, an inmate confined at the McCreary County Detention Center, has filed a complaint pursuant to 42 U.S.C. § 1983. Troxell alleges, in essence that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because deliberate indifference was exhibited to his security needs which resulted in his being the victim of a "violent assault" perpetrated by other inmates confined at the McCreary County Detention Center. He claims that supervisory prison officials of McCreary County were deliberately indifferent to the risk of inmate assaults due to their failure to develop adequate security policies. Additionally, Troxell states that deliberate indifference has been exhibited to his serious medical needs in violation of the Eighth Amendment.

The named defendants are the McCreary County Detention Center and its officials: Head Correctional Officer Scott Jones and Deputy Correctional Officer Dave Morrow. The Plaintiff has also named as defendants fellow inmates Scotty Branscum and Jimmy Malone. Troxell seeks compensatory and punitive damages and injunctive relief in the form of medical attention.

-1-

## FACTUAL ALLEGATIONS

The following is a summary of the factual allegations underlying the plaintiff's claims:

McCreary County Detention Center Inmate Carey Patrick was severely beaten, allegedly "beyond recognition" by a group of inmates confined in the McCreary County Detention Center. Defendants Jailer Scott Jones and Deputy Jailer Dave Morrow did not separate or discipline the responsible inmates. A few weeks later, Troxell was confined in the same cell with the same group of inmates who had previously assaulted Patrick. Deputy Jailer Mike Worley told Scott Jones and Dave Morrow that one of these inmates warned Worley to move Troxell before something happened to him. Troxell was not moved and, on November 29, 2004, he was "jumped" and severely beaten by the same group of inmates who had previously assaulted Patrick. As a result, Troxell suffered multiple fractures of facial bones and also required several stitches.[1] The damage was so severe that Troxell had to have reconstructive surgery and will carry permanent scars and injuries. After Troxell was assaulted, the perpetrator inmates went unpunished. Troxell claims that jail officials were aware that he was going to be assaulted but did nothing to prevent it.

---

[1]    Documents attached to the complaint show that Dr. Glenn R. Proudfoot examined Troxell on November 30, 2004, and found the following injuries:

> partial opacification of the right maxillary sinus;
> a fracture involving the infraorbital rim on the right;
> a fracture involving the orbital floor on the right;
> a comminuted fracture involving anterior and lateral maxillary wall on the right;
> a medial maxillary wall fracture could not be excluded;
> a minimal displaced right zygomatic arch fracture;
> deep soft tissue emphysema;
> fluid throughout the right maxillary sinus; and
> diffuse right facial/mandibular region hematoma.

Additionally, Troxell alleges that deliberate indifference has been exhibited to his serious medical needs in violation of the Eighth Amendment.  He claims he is "on several medications" and requires daily medication for his "disability."   Troxell asserts that he has not received those medications "in months" and he has not been seen by the doctor regarding his "disability."  Troxell also claims that he  "almost stroked out due to my blood pressure" before he was finally provided with his blood pressure medication.

<u>SECURITY NEEDS</u>

Supervisory prison officials may be liable for their failure to develop adequate security policies which amounts to a deliberate indifference to the risk of inmate assaults.  *Roland v. Johnson*, 856 F.2d 764, 770 (6th Cir. 1988).

<u>SERIOUS MEDICAL NEEDS</u>

Troxell alleges that deliberate indifference has been exhibited to his serious medical need for medication to treat his "disability."   However, as he not identified his claimed disability, it cannot be determined that he has a serious medical need. Thus, the plaintiff's claims involving his "disability" must be dismissed.

The assertion involving blood pressure medication is equally vague and, therefore, must be dismissed.  Troxell fails to state when he had blood pressure problems or how long he had them before they came to the attention of jail personnel.  He does not explain how long it was, after jail personnel found out about the problems, before he was afforded medication.  Neither a serious medical need nor deliberate indifference has been established.

In summary, the plaintiff's Eighth Amendment claim of deliberate indifference to serious medical needs must be dismissed.

<u>DEFENDANTS</u>

As previously noted, the named defendants are the McCreary County Detention Center, Jailer Scott Jones, Assistant Jailer Dave Morrow and fellow inmates Scotty Branscum and Jimmy Malone.

<u>Branscum and Malone</u>

The plaintiff has not pled any facts suggesting or establishing that Scotty Branscum and/or Jimmy Malone were involved in the assault. And if they were involved in some way, it has not been alleged that they acted pursuant to orders given by jail personnel. Thus, Branscum and Malone were not acting under color of state law and this 42 U.S.C. § 1983 action cannot be maintained against either of them.

<u>McCreary County, Jones and Morrow</u>

Regarding McCreary County, Jailer Jones and Assistant Jailer Morrow, the plaintiff has stated an Eighth Amendment deliberate indifference to security needs claim. In a 42 U.S.C. §1983 action, a local governing body can only be held liable if it is established that (1) the allegedly unconstitutional act is a result of an unconstitutional policy officially adopted by the governing body's officers, *Johnson v. Hardin County*, 908 F.2d 1280 (6th Cir. 1990), or (2) the local governing body has delegated to the jailer the responsibility of establishing policies to assure that prisoners receive proper care and the unconstitutional act has become the custom in the jail, tolerated by the jailer. *Johnson v. Hardin County*, 908 F.2d 1280 (6th Cir. 1990) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1249-50 (6th Cir. 1989), *cert. denied*, 495 U.S. 932, 110 S.Ct. 2173 (1990)).

-4-

The plaintiff has, in essence, pled that McCreary County's governing body has, by abdication of its authority to Jailer Jones, adopted an unconstitutional policy which caused the plaintiff harm. There are allegations that at the time of the complained-of assault others generally knew about the prior assault on Carey Patrick at the McCreary County Jail. This information should have placed the County Judge Executive, Sheriff, and Fiscal Court on notice that their oversight and policy-making authority was mandated and in need of being imposed to regain control and proper authority in a troubled institution. Thus, the pleadings indicate that the local governmental entity, by its failure to act when action was warranted, was the moving force behind the alleged deprivation.

In a § 1983 action, a claim against a local governmental official, in his or her official capacity, is equivalent to a suit against the local governmental entity. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989). A county is the proper party to redress the allegations made against a county jail. *Id.*; *see also Matthews v. Jones*, 35 F3d 1046 (6th Cir. 1994) (citing *Smallwood v. Jefferson Co. Gov't*, 743 F.Supp. 502, 503 (W.D. Ky. 1990)); *see also Johnson v. Hardin Co.*, 908 F.2d 1280 (6th Cir. 1990); *Brown v. Marshall Co.*, 394 F.2d 498 (6th Cir. 1968)).

A governmental entity may be liable under §1983 for damages arising from employee conduct, if that employee conduct arose from the application of unconstitutional governmental policies and customs. *See Meyers v. City of Cincinnati*, 14 F.3d 1115 (6th Cir. 1994). Failure to train, investigate, and supervise subordinates can cause a local government to be liable for resulting abridgement of citizens' constitutional rights, provided that the failure amounts to "deliberate indifference" to an individual's rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197 (1989); *see also Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241 (6th Cir. 1989), *cert. denied*, 495 U.S. 932, 110 S.Ct. 2173 (1990).

In *Hale v. Randolph*, 2004 WL 1854179, *11 (E.D. Tenn.), the court explained :

> When a plaintiff alleges municipal liability for the actions of its officers due to the municipality's failure to train and supervise them, a ". . . governmental entity can be held liable under §1983 for its failure to properly train and supervise its employees. But liability will exist for the . . .[municipality]. . . only if . . . [the plaintiff]. . . can prove that the . . .[municipality's] failure to train or supervise evidences deliberate indifference to the rights of its inhabitants such that it in effect constitutes a governmental custom or policy within the *Monell* framework. *City of Canton*, 489 U.S. 378; *Stemler*, 126 F.3d at 865; *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994); *Leach*, 891 F.2d at 1247-48."

*Id.*

*Otero v. Wood*, 316 F.Supp.2d 612 (S.D. Ohio, May 7, 2004), is also noteworthy regarding the issue of a municipality's "failure to supervise, failure to train, failure to investigate or discipline . . . failure to develop plans and policies to deal effectively with a long known and recognized risk of . . . misconduct." In *Otero*, the court explained that one of two grounds upon which municipal liability may be imposed upon a governmental entity is for that governmental entity's "ratification of the unlawful conduct." *Id.* at 627. In this context,

> evidence of later events cannot establish that a given violation was caused by an official custom or policy. *Id.* (citing *See Joy v. City of Dayton*, No. C-3-990-132, 1991 WL 1092505, at *9-10 (S.D. Ohio June 28, 1991); *see also Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994). . . A municipality may, however, ratify its employees' acts--thereby subjecting itself to §1983 liability--by failing meaningfully to investigate those acts. *Wright v. City of Canton*, 138 F.Supp. 2d 955, 966 (N.D. Ohio 2001); *see Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246-48 (6th Cir. 1989); *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985). Viewed in this light, evidence that a municipality inadequately investigated an alleged constitutional violation can be seen as evidence of a policy that would condone the conduct at issue.

*Id.*

-6-

In the present case, Troxell claims that at the time of or before the November 29, 2004, assault, the defendants knew or should have known that the McCreary County Detention Center was being mismanaged by Jailer Jones.

## CAPACITY

Troxell does not specify whether the named defendants are named in either their individual or official capacities.  Thus, he has insufficiently pled the capacity in which he is suing the named defendants.  *Hurst v. Fentress County Tenn., et.al.,* 229 F.3d 1152, 2000 WL 1206520 (6th Cir. (Tenn.)) (Unpublished Opinion). Generally, a plaintiff must designate in which capacity an individual defendant is being sued;  and if the complaint does not so state, then by operation of law the individual is deemed to have been sued in his or her official capacity.  *See Hardin v. Straub,* 954 F.2d 1193, 1199 (6th Cir. 1992).  Only when the allegations in a complaint clearly indicate that individual defendants are being sued in their individual capacities for damages is it construed that defendants are being sued in their individual capacities.  *See Pelfrey v. Chambers,* 43 F.3d 1034 (6th Cir. 1995).

The allegations in this complaint establish that Troxell is suing the individual county employee defendants in their official capacities for actions they allegedly have taken in the course of their employment.  An official capacity claim filed against a public employee is the equivalent to a lawsuit directed against the public entity which that agent represents. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir. 1997).  Here, it is construed that Troxell is bringing this action against the named defendants in only their official capacities. Accordingly, this action must be dismissed against the defendants in their individual capacities.

-7-

To the extent Troxell is bringing his Eighth Amendment security claim against the defendants in their official capacities for damages, under *Kentucky v. Graham*, *supra*, this action is deemed to be against the governmental entity (the McCreary County Government) as it is represented by the McCreary County Judge-Executive and the members of the McCreary County Fiscal Court.  Troxell's Eighth Amendment claim for damages based on assertions of deliberate indifference to his security needs may go forward against McCreary County, the McCreary County Judge-Executive, the McCreary County Magistrates, McCreary County Jailer Scott Jones and McCreary County Deputy Jailer Dave Morrow only in their official capacities.

<u>CONCLUSION</u>

For the reasons discussed herein, it is **ORDERED** as follows:

(1)  The claims asserted in this action against Defendants Scotty Branscum and Jimmy Malone are **DISMISSED**, without prejudice.

(2)  The plaintiff's claims sought to be asserted under the Eighth Amendment to the United States Constitution for deliberate indifference to serious medical needs are **DISMISSED**, without prejudice.

(3)  The plaintiff's claims for monetary damages sought to be asserted under the Eighth Amendment to the United States Constitution for deliberate indifference to security needs may proceed against the following parties:  McCreary County, the McCreary County Judge-Executive, the McCreary County Magistrates, McCreary County Jailer Scott Jones, and McCreary County Deputy Jailer Dave Morrow, in only their official capacities.

(4)  Summons shall issue, accompanied by a copy of this Memorandum Opinion and Order, to:  McCreary County; the McCreary County Judge-Executive; the McCreary County Magistrates; McCreary County Jailer Scott Jones; and McCreary County Deputy Jailer Dave Morrow.

This 18th day of April, 2005.

Signed By:

_Danny C. Reeves_   DCR

United States District Judge