UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| TERRY A. TROXELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-31-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| McCREARY COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** *** ***

This matter is currently pending for consideration of the Plaintiff's motion to appoint counsel or, in the alternative, to hold this matter in abeyance. [Record No. 36]  The Defendants have filed a response in which they object to the relief requested by the Plaintiff. [Record No. 39] For the reasons discussed below, the Court will deny the Plaintiff's motion.

<u>MOTION FOR APPOINTMENT OF COUNSEL</u>

A plaintiff in a civil action has no constitutional right to appointed counsel. *Abdur-Rahman v. MI Dept. of Corrections, et al.*, 65 F.3d 489, 492 (6th Cir. 1995).  Further, civil litigants are not entitled to appointment of counsel at the government's expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988) (citing *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1118 (5th Cir.) *cert. denied,* 449 U.S. 820 (1980)).  Court-enlisted assistance of counsel is not mandatory, but is merely a matter of discretion. *See e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).  "[T]he appointment of counsel in a civil case is . . . a matter within

the discretion of the court. It is a privilege and not a right." *Id.* (quoting *United States v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965)).

> In *Lavado v. Keohane,* 992 F.2d 601 (6th Cir. 1993), the court held that:
>
> A district court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. §1915(d) (1988) ("The court may request an attorney to represent any such person unable to employ counsel . . . ."); *Reener v. Sewell,* 975 F.2d 258, 261 (6th Cir. 1992) (appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights) (citations omitted).

*Id.* at 604-605.

Likewise, federal courts are not entitled to make coercive appointments of counsel to represent indigent litigants. *See Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 109 S.Ct. 1814 (1989). In *Knop v. Johnson*, 977 F.2d 996, 1007 (6th Cir. 1992), the court stated: "Inmates . . . are not *ipso facto* entitled to legal representation."

In the present case, the Plaintiff has submitted a complaint which adequately raises the issues to be resolved. After review, the Court determined that some of the claims asserted were sufficient to require a response from a number of named Defendants. [Record No. 8] Further, the Court is unaware of any private attorney who has volunteered to take the Plaintiff's case and, as previously stated, the Court will not make a coercive appointment of counsel. Neither the factual issues nor the legal issues in this case are overly-complex. Accordingly, the Plaintiff's Motion for Appointment of Counsel will be denied.

MOTION TO HOLD CASE IN ABEYANCE

As alternative relief, the Plaintiff has requested that this matter be held in abeyance until he is able to obtain counsel or until he is released in 2008.  Having reviewed this matter, the Court will not continue this case for the time requested by the Plaintiff.  All parties to this action are entitled to timely resolution of the issues presented.  And while an open-ended extension is not in the interest of justice, it is also likely that holding this matter in abeyance for over two years will result in witnesses and evidence becoming unavailable.  Accordingly, it is hereby

**ORDERED** as follows:

(1)  The Plaintiff's motion for appointment of counsel [Record No. 36] is **DENIED**.

(2) The Plaintiff's alternative motion that this matter be held in abeyance is **DENIED**, without prejudice to being renewed after the Court resolves the pending motion for summary judgment filed on behalf of the Defendants.

(3) The Plaintiff shall be given thirty (30) days from the entry of this Order to respond to the pending motion for summary judgment [Record No. 40].

This 17th day of January, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge