UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| TERRY A. TROXELL, ) | |
| ) | Civil Action No. 6: 05-31-DCR |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| McCREARY COUNTY DETENTION ) | **AND ORDER** |
| CENTER, ET AL., ) | |
| ) | |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

Plaintiff Terry A. Troxell ("Troxell"), an inmate formerly confined at the McCreary County Detention Center ("M.C.D.C."), has filed a complaint pursuant to 42 U.S.C. §1983. Troxell alleges that prison officials at M.C.D.C. failed to protect him from an assault by other inmates with a well-known propensity towards violence, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. [Record Nos. 1, 2] On April 18, 2005, the Court dismissed Troxell's civil rights claims against the inmates who assaulted him, dismissed his claims alleging deliberate indifference to his serious medical needs arising out of his disability, and construed his remaining claims as official capacity claims for damages from McCreary County and its governing bodies. [Record No. 8]

This matter is currently before the Court on the defendants' Motion for Summary Judgment [Record No. 40], Troxell's "Objections to Defendants' Motion for Summary Judgment as Being Premature" [Record No. 48], Troxell's alternative "Motion to Hold Ruling in Abeyance Pending Discovery and to Allow Plaintiff to Supplement Record with Discoverable Material"

[Record No. 49], and Troxell's "Motion for Enlargement of Time to Submit Answers to Interrogatories" [Record No. 50].

## DISCUSSION

### A. Answers to Interrogatories.

Troxell's motion to submit his interrogatory answers beyond the time permitted by the Federal Rules of Civil Procedure will be granted. The Court notes that the Plaintiff is proceeding *pro se*. While that status alone does not excuse his failure to comply with the Federal Rules of Civil Procedure, the Defendants do not complain of any prejudice that has resulted. The Defendants further indicate that none of Troxell's responses create a genuine issue of material fact barring entry of summary judgment.

### B. Objections to Consideration of Defendants' Motion for Summary Judgment.

Troxell's motion to delay consideration of the Defendants' motion for summary judgment until he conducts further discovery will be denied. However, Troxell's objection to the Defendants' motion for summary judgment as premature will be sustained.

Troxell has asked the Court for further time to conduct discovery and to delay consideration of the Defendants' motion for summary judgment. The applicable rule provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). As a threshold matter, this rule requires that its protections be invoked in the non-movant's response to the summary judgment motion, something Troxell failed to do.

That failure alone is ordinarily grounds for rejecting the motion requesting the relief afforded by the Rule. *See, e.g., In re Northwestern Mut. Life Ins. Co. Sales Practices Litigation*, 70 F.Supp.2d 466, 482 (D.N.J. 1999), *aff'd*, 259 F.3d 717 (2nd Cir. 2001). While this procedural default might be excused in light of Troxell's *pro se* status, neither Troxell's motion nor the attached affidavit indicates what facts he seeks to discover would create a genuine issue of material fact which would prevent the entry of summary judgment. In the absence of such a specific allegation, there is no adequate basis in the record for the Court to grant a continuance to permit further discovery. *CNA Ins. Co. v. Lightle*, 364 F.Supp.2d 1068, 1072 (D.Alaska 2005) (continuance of consideration of motion for summary judgment was not warranted where defendant failed to submit affidavit specifically identifying relevant evidence which, when available, would foreclose summary judgment); *Dixon v. Bowen*, 126 F.R.D. 483, 486 (S.D.N.Y. 1989) (non-movant's mere request for further discovery will not defeat otherwise meritorious summary judgment motion where requested discovery is not reasonably likely to be of use in resisting motion).

Without citing to any particular provision of the Federal Rules of Civil Procedure, Troxell has filed an "objection" to the Defendants' summary judgment motion on the ground that it was filed shortly after the entry of a scheduling order and before he had any opportunity for discovery in the case. The Federal Rules of Civil Procedure permit the filing of a motion for summary judgment at any time after the filing of the complaint. While discovery is always permitted, a summary judgment motion may be properly considered at any stage where all of the relevant facts are already within the control of the parties and the record on the subject is fully developed.

Under these circumstances, consideration of the Defendants' motion for summary judgment is appropriate. *Bobian v. CSA Czech Airlines*, 232 F.Supp.2d 319, 323 (D.N.J. 2002), *aff'd*, 93 Fed.Appx. 406 (3rd Cir. 2004) (in affidavit opposing summary judgment motion as premature, non-movant must specifically identify what information remains to be discovered, how it would preclude summary judgment, and why it has not previously been obtained; summary judgment motion was not premature when filed before close of discovery where accident occurred more than three years previously and any facts relevant to plaintiffs' opposition were entirely within their control); *but see City of Rome v. U.S.*, 450 F.Supp. 378 (D.D.C. 1978), *aff'd*, 446 U.S. 156 (1980) (summary judgment motions would be premature until all discovery had been completed, and thus time for filing such motions would be extended until ten days after completion of discovery).

In his motion, Troxell did not identify what, if any, relevant information he was seeking that had not yet been obtained through discovery. However, Troxell later filed a copy of the requests for production of documents propounded upon the Defendants. In those requests, he seeks documents related to the assaults upon jailer Greg Heath, inmate Corey Patrick, and himself, as well as disciplinary reports against the inmates who conducted the attacks. [Record No. 53] This information, while discoverable, would appear to be cumulative of the information already in the record with respect to the critical issues governing the disposition of the summary judgment motion. This information requested in Troxell's request for production of documents does not itself provide an alternative basis for relief under Federal Rule of Civil Procedure 56(f).

However, Troxell also requests "All rules, regulations, policies and laws that require or impose a duty on the Defendant Jones to report jail security threats to his supervisors." As the Court has already noted in this case,

> In a 42 U.S.C. §1983 action, a local governing body can only be held liable where (1) the allegedly unconstitutional act is a result of an unconstitutional policy officially adopted by the governing body's officers, *Johnson v. Hardin County*, 908 F.2d 1280 (6th Cir. 1990), or where (2) the local governing body has delegated to the jailer the responsibility of establishing policies to assure that prisoners receive proper care and the unconstitutional act has become the custom in the jail, tolerated by the jailer. *Johnson v. Hardin County*, 908 F.2d 1280 (6th Cir. 1990) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1249-50 (6th Cir. 1989), *cert. denied*, 495 U.S. 932, 110 S.Ct. 2173 (1990)). The plaintiff has, in essence, pled that McCreary County's governing body has, by abdication of its authority to Jailer Jones, adopted an unconstitutional policy which caused the plaintiff harm. There are allegations that at the time of the complained-of assault others generally knew about the prior assault on Carey Patrick at the McCreary County Jail. This information should have put the County Judge Executive, Sheriff, and Fiscal Court on notice that their oversight and policy-making authority was mandated and in need of being imposed to regain control and proper authority in an obviously troubled institution. Thus, the pleadings indicate that the local governmental entity, by its failure to act when action was warranted, was the moving force behind the alleged deprivation.

*See* Memorandum Opinion and Order dated April 18, 2005. [Record No. 8]

The information requested by Troxell in his fifth document request appears to be relevant to these issues, is not already in the record before the Court, and may relate to Defendants' arguments III and IV presented in their motion for summary judgment. In light of the abbreviated discovery period permitted under the Court's Scheduling Order and the relocation of Plaintiff from one facility to another during this shortened discovery period and the pendency of Defendants' summary judgment motion, the Court concludes that Troxell should be afforded the opportunity to address the Defendants' arguments with the full benefit of the Defendants'

responses to his discovery. Accordingly, the Court will sustain Troxell's objection to the Defendants' motion for summary judgment as being prematurely filed under the circumstances. The Court expresses no opinion on the merits of the underlying motion for summary judgment and, therefore, it without prejudice to being re-filed after the close of discovery.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's "Motion for Enlargement of Time to Submit Answers to Interrogatories" is **GRANTED**.

(2) Plaintiff's "Motion to Hold Ruling in Abeyance Pending Discovery and to Allow Plaintiff to Supplement Record with Discoverable Material" [Record No. 49] is **DENIED**.

(3) Plaintiff's "Objections to Defendants' Motion for Summary Judgment as Being Premature" [Record No. 48] is **SUSTAINED**.

(4) Defendants' Motion for Summary Judgment [Record No. 40] is **DENIED**, without prejudice.

This 4th day of April, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge